Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN W. RITCHESON,** | Civil Action No.: |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **URGE 2 HUNT, LLC, SERGE ENGURASOFF, GAYLE BALASA,** | |
| Defendants. | |

## COMPLAINT FOR RICO, FRAUD, CIVIL CONSPIRACY AND NEGLIGENCE

Now comes, Plaintiff Steven W. Ritcheson ("Plaintiff" or "Ritcheson"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This action arises from the fraud perpetrated by defendants, and each of them, through a conspiracy to commit and the actual commitment of various unlawful and criminal acts. Plaintiff is a novice hunter. Through their conspiracy, Defendants Urge 2 Hunt, LLC ("U2H"), Serge Engurasoff ("Engurasoff"), Gayle Balasa ("Balasa") and others (collectively, U2H, Engurasoff, and Balasa are referred to herein as "Defendants"), deceived Plaintiff into believing that U2H would provide a guided trip that included food and lodging. By fraud and deception over the phone, text, and email, Defendants conspiracy succeed in stealing thousands of dollars from Plaintiff. Among other things, Plaintiff seeks damages, including punitive damages, for Defendants' outrageous fraud and deception.

**COMPLAINT**

**THE PARTIES**

2.      Plaintiff is an individual living in Los Angeles County.

3.      Upon information and belief, Defendant U2H is a limited liability corporation organized under the laws of California, having a principal place of business at 1734 Encanto Court, Walnut Creek, California 94597.  Upon information and belief, Defendant may be served with process c/o Constantine Koloboff, 8 Overhill Road, Orinda, California 94563.

4.      Upon information and belief, Defendant Engurasoff is an individual living at 1734 Encanto Court, Walnut Creek, California 94597

5.      Upon information and belief, Defendant Balasa is an individual living in or around Ladson, South Carolina.  Further investigation is ongoing.

6.      Plaintiff is further informed and believes, and on that basis alleges, that Defendants operate the website www.urge2hunt.com, which is in the business of providing guided and unguided hunting and fishing trips (the "U2H Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendants have done and continue to do business in this judicial district, including, but not limited to, providing services to customers located in this judicial district by way of the U2H Website.

**NON-PARTY ENTITIES AFFILIATED WITH DEFENDANTS**

7.      On information and belief, H&S Guides (hereinafter "H&S") is a business that contracts with U2H to provide hunting trips in the United States.  H&S's principal place of business is unknown, but is believed to be in the State of Utah.

8.      On information and belief, Bret Heiner ("Heiner") is affiliated with and/or provides guided hunts through H&S for the benefit of Defendants and/or U2H customers.  Heiner's residence is unknown, but is believed to be in the State of Utah.

**JURISDICTION AND VENUE**

9.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

2

**COMPLAINT**

10.     This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this District, as well as because of the injury to Plaintiff and the cause of action Plaintiff has risen in this District, as alleged herein.

11.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to their substantial contacts with this forum, including: (i) at least a portion of the fraud and deceit alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in the forum state and in this judicial District.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the action occurred in this district.

## FACTUAL ALLEGATIONS

13.     On October 25, 2019, Plaintiff emailed Engurasoff at the email address identified on the U2H Website – serge@urge2hunt.com (the "Primary Email Address").   In response to the foregoing email, Engurasoff called Ritcheson and the two spoke for 18 minutes.   During that time, Engurasoff and Ritcheson examined hunts offered on the U2H Website and selected a whitetail deer hunt in Oklahoma, which would take place from December 5-8, 2019 (the "First Hunt").   Ritcheson raised the question of whether two hunters could be accommodated.   Engurasoff responded that he "would check with the landowner."   That same day, Ritcheson followed up with another email to Engurasoff at the Primary Email Address confirming the conversation and the selection of the Oklahoma hunt.   The confirming email again asked whether there was room "for one or two hunters."

14.     On October 26, 2019, according to public records, the email address serge@urge22hunt.com was obtained (the "Secondary Email").   On information and belief, this address was obtained for the purpose of defrauding and deceiving individuals, including Plaintiff. That same day, U2H and Engurasoff responded to Ritcheson's question from the Secondary Email *__addressing issues that had been discussed directly and exclusively with Engurasoff and confirmed with the Primary Email Address__*:   "yes there is still room for one or two hunters, so this will be for how many hunters and how soon do you want to pay, the payment will be direct deposit to the land owner let me know when you ready to pay and for how many hunters."   On information and belief,

3

**COMPLAINT**

the foregoing email could only have been written by Engurasoff (or at his direction) since he was the only one with knowledge of the communications with Ritcheson.

15.     From October 28-30, 2019, Ritcheson and U2H exchanged numerous emails finalizing the details for the First Hunt.  U2H requested a down payment of $2,000 for the First Hunt (the "Down Payment").  Per the wiring instructions provided by Engurasoff, the Down Payment was to be made to Defendant Balasa's account at Wells Fargo Bank.

16.     On October 31, 2019, Plaintiff made the Down Payment.  Shortly thereafter, U2H asked for the remainder of the payment.  U2H asserted that the landowner required full payment considering how close the First Hunt was and how busy the season was.  When Ritcheson asked to speak directly to the landowner, U2H informed Ritcheson that the landowner would not speak unless there was a booking number and the only way to get the booking number was to complete payment.

17.     On November 1, 2019, Ritcheson sent another wire to Defendant Balasa's account for the balance due and completed payment.  On November 2, 2019, U2H sent, via email, a receipt with then name and number of the guide:  Bret Heiner of H&S Guides.



4

**COMPLAINT**

18.     From November 3, 2019, through November 16, 2019, Ritcheson and Heiner texted in order to arrange to the details of the First Hunt.  Importantly, Heiner stated "Serge told me about your booking and confirm[ed] your booking."   Heiner and Ritcheson were not able to complete their arrangements (Heiner informed Ritcheson that he was busy hunting and did not have time to speak directly).

19.     On November 16, 2019, Engurasoff emailed Ritcheson and explained that "the outfitter … will call you, he said he has been busy but he promise[d] to call you, so be expecting [a] call from him."

20.     After not hearing from Heiner, on November 20 and 21, 2019, Engurasoff and Ritcheson agreed that the hunt would be changed to an elk hunt in Colorado with a different outfitter (the "Second Hunt") for an additional fee (the "Additional Fee").  The Additional Fee was paid on November 21, 2019.  Engurasoff promised that the local outfitter would call Ritcheson during the week of November 23, 2019, to schedule the Second Hunt.

21.     From November 23-27, 2019, Engurasoff made various promises in emails to Ritcheson, assuring Ritcheson the outfitter would be in touch to provide the final details regarding the Second Hunt.

22.     On November 27, 2019, Engurasoff wrote:  "Steven am so sorry for all this that has been happening, i think all this small hunt is been booked maybe thats why the outfitter cant really talk, but there is the hunt that i will personally be the outfitter which is Nevada Bull Elk Hunt-075 the hunt is also December and its Guided it go for $10,000 but have talk to landowner and they are ready to give you discount of $1500 since i will also be there i want you to look if you will just go for this please get back to me on what to do, or i should refund you and we can plan another hunt for 2020."

23.     That same day, on November 27, 2019, Ritcheson informed Engurasoff that he wanted his money back and provided wiring instructions.   Thereafter, all communications with Defendants ceased.

24.     On December 3, 2019, Ritcheson left a message on the number listed on the U2H Website.  Engurasoff called Ritcheson back.  During the call, Ritcheson identified Engurasoff as the same individual he had spoken with on October 25.  Nevertheless, Engurasoff stated that he had no

**COMPLAINT**

idea who Ritcheson was, had never spoken to Ritcheson, and had no record of communications with Ritcheson.  Engurasoff falsely claimed to have "been hacked" in late October, 2019, and that he had reported this to the Walnut Creek Police and to the FBI.  Engurasoff could not identify the other victims that had prompted his alleged reports, nor could he identify a Case Number or Report Number for any report.  On information and belief, Engurasoff feigned the "hacking" and did not file a report with either the state of federal authorities.

25.    Finally, on December 5, 2019, Plaintiff's bank informed Ritcheson that Balasa's bank account had been emptied and the wires could not be reversed.

## COUNT I

### (Federal Civil RICO, 18 U.S.C. §1962(a))

### All Defendants

26.    Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

27.     Defendants violated RICO and Plaintiff was injured as a result

28.    Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. §1961(3).

29.    Each Defendant violated 18 U.S.C. §1962(c) by the acts described in the prior paragraphs, and as further described below.

30.    The Enterprise.  Defendants U2H, Engurasoff, Balasa and others form an association-in-fact for the common and continuing purpose described herein and constitute an enterprise within the meaning of 18 U.S.C. §1961(4) engaged in conduct of their affairs through a continuing pattern of racketeering activity.  The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity.  There may also be other members of the enterprise who are unknown at this time.

31.    The foregoing enterprise has engaged in, and their activities have affected, interstate commerce.

32.    Pattern of Racketeering Activity.  Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate,

6

**COMPLAINT**

directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(1), 1961(5), and 1962(c).  The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

33.    Predicate acts of racketeering activity are acts which are indictable under provisions of U.S. Code enumerated 18 U.S.C. §1961(1) (particularly 18 U.S.C. §§1341 (relating to mail fraud) and 1343 (relating to wire fraud)), as more specifically alleged below.  Defendants each committed at least two such acts or else aided and abetted such acts.

34.    The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and methods of commission.  Further, the acts of racketeering by Defendants have been continuous.  There was repeated conduct during a period of time beginning on October 25, 2019, and continuing to the present, and there is a continued threat of repetition of such conduct.

35.    The association-in-fact enterprise, as alleged herein, was not limited to the predicate acts and extended beyond the racketeering activity.  Rather, they existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of providing guided hunting services to Plaintiff and possibly other customers.  Defendants have had and do have, upon information and belief, legitimate business plans outside of the pattern of racketeering activity.

36.    Plaintiff specifically alleges that Defendants have participated in the operation and management of the association-in-fact enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described below.

37.    Predicate Act:  Use of Mails and Wires to Defraud Plaintiff in Violation of 18 U.S.C. §§1341 and 1343.  Defendants committed acts constituting indictable offenses under 18 U.S.C. §§1341 and 1343 in that they devised or intended to devise a scheme or artifice to defraud Ritcheson or to obtain money from Ritcheson by means of false or fraudulent pretenses, representations, or promises. For the purpose of executing their scheme or artifice, Defendants caused delivery of various documents and things by wire (i.e. electronically), the U.S. mails or by private or commercial interstate carriers, or received such therefrom.  Defendants also transmitted or caused to be transmitted by means

7

**COMPLAINT**

of wire communications in interstate commerce various writings, signs and signals.   The acts of Defendants set forth above were done with knowledge that the use of the mails or wires would follow in the ordinary course of business, or that such use could have been foreseen, event if not actually intended.   These acts were done intentionally and knowingly with the specific intent to advance Defendants' scheme or artifice.

38.   Defendants carried out their scheme in different states and could not have done so unless they used the U.S. mails or private or commercial interstate carriers, or interstate wires.  In furtherance of their scheme alleged herein, on information and belief, Defendants communicated among themselves and with Plaintiff in furtherance of the scheme to defraud Plaintiff.   These communications were, on information, typically transmitted by wire (i.e. electronically) and/or through the United States mails or private or commercial carriers.

39.   Specifically, Defendants used wire and/or U.S. mail or private or commercial carriers to convince Ritcheson to book the First Hunt and to undertake the Second Hunt.

40.   Defendants also caused Plaintiff to transmit thousands of dollars in funds by wire to the United States.

41.   Defendants' shared objective was and is to divert funds for their own benefit.

42.   Plaintiff reasonably and justifiably relied upon Defendants' false representations, false pretenses and deceptive communications, and Plaintiff has been damaged as a direct and proximate result of Defendants' participation in such enterprise, as alleged herein.

43.   Continuity of Conduct.   Defendants' violation of state and federal law as set forth herein, each of which directly and proximately injured Plaintiff and possibly other victims, constituted a continuous course of conduct spanning a period from October 25, 2019, to the present, which was intended to obtain money through false representations, fraud, deceit, and other improper and unlawful means.  Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. §§19561(1) and (5).

44.   Upon information and belief, Defendants have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. §1962(c).

8

**COMPLAINT**

45.     The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused injury to Plaintiff.  Plaintiff seeks and award of damages in compensation for, among other things, the thousands of dollars Defendants stole from Plaintiff.

46.     Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief authorized by statute.

## COUNT II

### (Fraud)

### All Defendants

47.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

48.      Defendants, upon information and belief, knowingly and intentionally misled Plaintiff by making false representations and failing to disclose that they did not intend to conduct either the First Hunt or the Second Hunt, as alleged above.

49.     Plaintiff justifiably relied upon Defendants' concealment of its true intentions and the false representations by U2H and Engurasoff.

50.     Defendants conduct was willful, wanton, malicious, and oppressive.

51.     Defendants' unlawful conduct has directly, legally, and proximately caused injury to Plaintiff.  This injury includes the advance payments for the First Hunt and the Second Hunt. Accordingly, Plaintiff seeks an award of damages in compensation for, among other things, the thousands of dollars that Defendants stole from Plaintiff.  Further, Plaintiff seeks the imposition of punitive damages sufficient to deter Defendants from committing such unlawful conduct in the future.

## COUNT III

### (Civil Conspiracy to Defraud)

### All Defendants

52.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

9

**COMPLAINT**

53.     Defendants, and each of them, combined and agreed with each other and/or others to defraud Plaintiff by making false representations and failing to disclose that they did not intend to conduct either the First Hunt or the Second Hunt, as alleged above.

54.     The conspiracy commenced at least as early as October 25, 2019.

55.     Pursuant to their agreement(s), Defendants, and each of them, acted in concert to support their common purpose of defrauding Plaintiff in order to cause Plaintiff to pay for the First Hunt and the Second Hunt.

56.     Each Defendant committed at least one overt act in furtherance of such conspiracy including misleading Plaintiff as to the true purpose of the communications with Plaintiff.

57.     Each Defendant acted with the common intend to defraud Plaintiff and understood that all other Defendants shared in that common purpose.

58.     Defendants' conduct was willful, wanton, malicious, and oppressive.

59.     Defendants' unlawful conspiracy has directly, legally, and proximately caused injury to Plaintiff.  This injury includes Plaintiff's payments for the First Hunt and the Second Hunt.  Plaintiff seeks an award of damages for, among other things, the thousands of dollars that Defendants stole from Plaintiff, which occurred as a result of Defendants' conduct.  Further, Plaintiff seeks the imposition of punitive damages sufficient to deter Defendants from committing such unlawful conduct in the future.

## COUNT IV

### (Negligence)

### Defendants U2H and Engurasoff

60.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

61.     Alternatively, U2H and Engurasoff had a duty to use reasonable care to avoid injuring others.  Specifically, if true, U2H and Engurasoff had exclusive knowledge that email communications with their company had been compromised.  If true, U2H and Engurasoff had exclusive knowledge that Ritcheson was at risk in that he had spoken and communicated directly with U2H and Engurasoff

**COMPLAINT**

over the purportedly compromised Primary Email Address.  U2H and Engurasoff had a duty of care that required them to warn Ritcheson of the danger, if true, of communicating with U2H via email.

62.    Engurasoff and U2H breached their duty of care when they concealed that they were aware that the email communications through the email address displayed on the U2H Website had been compromised.

63.    Engurasoff's and U2H's breaches of their duties to Ritcheson proximately caused Ritcheson's injuries.

## DEMAND FOR JURY TRIAL

64.    Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    An award of compensatory, consequential, exemplary and punitive damages to Plaintiff in an amount to be determined at trial;

B.    An award of attorneys' fees and costs; and,

C.    Any further relief that this Court deems just and proper.

Dated: December 12, 2019                    Respectfully submitted,

/s/ Steven W. Ritcheson
Steven W. Ritcheson
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

11

**COMPLAINT**